UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

        Case No. 24-cr-20668
        Hon. MATTHEW F. LEITMAN

vs.

DOVID AKIVA SHENKMAN,

    Defendant.
_____/

TARA HINDELANG
DOJ-USAO
211 W. Fort Street, Ste 2001
Detroit, MI 48226
313-410-5177
Email: tara.hindelang@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant:
    DOVID AKIVA SHENKMAN
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

**DEFENDANT DOVID AKIVA SHENKMAN'S MOTION TO SET ASIDE AND REVOKE THE OF ORDER OF DETENTION WITH A REQUEST FOR HEARING**

1

NOW COMES the Defendant, DOVID AKIVA SHENKMAN ("Defendant"), by and through his attorney, SANFORD A. SCHULMAN and moves this Honorable Court, pursuant to 18 U.S.C. §3145(b), to revoke the Order of Detention, and schedule a hearing for the following reasons:

1.  Defendant was originally charged by way of a Complaint and later an Amended Criminal Complaint charging Transportation of Child Pornography in violation of 18 USC Sec. 2252A(a)(1) and Possession of Child Pornography in violation of 18 USC Sec. 2252A(a)(5)(B).  (R. 9, Amended Complaint, PgID 9-19).

A detention hearing was held and the defendant, DOVID AKIVA SHENKMAN was ordered detained by the magistrate.  An indictment was filed on December 4, 2024 charging in with the same counts as set forth in the Amended Complaint  (R. 14, Indictment, PgID 26-29)

2.  Defendant is currently detained in the Midland County Jail after making an initial appearance on November 25, 2024.

3. Dovid Akiva Shenkman ("Akiva") is a US Citizen born in Detroit, Michigan who is 39 year old living in a verified residence on East 18th Street in Brookly, New York where he has resided for

2

seven years. His entire immediate family is in the Detroit area and he has other family members who reside in the Detroit area. Pretrial services did verify the family ties and spoke with his brother Yisroel Shenkman, but it had not yet been "vetted by Pretrial Services." Any concerns pretrial services has can be alleviated by verification of residence, family ties, proof of employment, surrender of passport and a recommendation for house arrest and tether.

There are a number of family members who are willing to serve as third-party custodians, including his brother and others who can be verified and are upstanding citizens in the community who will comply with all terms and conditions set by this Court and ensure that Mr. Shenkman does the same.

A number of family members including his brother and mother have expressed their willingness to serve as third-party custodians.

4.  Akiva is self-employed with ADS Cooling and Heating in New York and has had stable employment for more than 10 years.

5.  The defendant does not have any criminal history, significant mental health issues or substance abuse problems.

6.  The pending case is a non-assaultive offense and does not involve any allegations that Akiva has had any physical contact

3

with any minors or even any video or phone or text messages with minors that were inappropriate. The defendant is presumed innocent.

7. Defendant has no history of mental illness. A third-party custodian will agree to place a surety with the Court and also allow him to reside at their residence during the pendency of this case. Defendant is also a good candidate for tether or home confinement.

8. Defendant is not a threat to the community.

9. This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

10. Pursuant to Title 18 U.S.C. 3142(e) there are conditions or combination of conditions for release for the instant offense. Defense would also submit that the Government has failed to present sufficient evidence that Defendant is a substantial threat to the community, a flight risk and that counsel for Defendant has presented evidence justifying this Court setting a reasonable bond with conditions under 18 U.S.C. § 3142(f).

11. There are conditions of release which will assure the Court of Defendant's appearance at future court appearances as stated in 18 U.S.C. §3142(c).

12. Defense counsel is requesting that a hearing be scheduled as expeditiously as possible. Concurrence was sought and Assistant U.S. Attorney Tara Hindelang does not concur in the relief requested.

WHEREFORE, the Defendant, DOVID AKIVA SHENKMAN, respectfully requests that this Court hold a hearing, revoke the Order of Detention and enter an Order releasing him on a tether with home confinement, or in the alternative, to third-party custody who are prepared to act as third-party custodian.

                Respectfully submitted,

                /s/ Sanford A. Schulman
                SANFORD A. SCHULMAN
                Attorney for Defendant
                    DOVID AKIVA SHENKMAN
                500 Griswold Street, Suite 2340
                Detroit, Michigan 48226
                (313) 963-4740
                saschulman@comcast.net

Date:  December 9, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

           Case No. 24-cr-20668
           Hon. MATTHEW F. LEITMAN

vs.

DOVID AKIVA SHENKMAN,

       Defendant.
_____/

TARA HINDELANG
DOJ-USAO
211 W. Fort Street, Ste 2001
Detroit, MI 48226
313-410-5177
Email: tara.hindelang@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant:
     DOVID AKIVA SHENKMAN
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net
_____/

## DEFENDANT DOVID AKIVA SHENKMAN'S MOTION TO SET ASIDE AND REVOKE THE OF ORDER OF DETENTION WITH A REQUEST FOR HEARING

6

Defendant, DOVID AKIVA SHENKMAN ("Defendant"), by and through his attorney, SANFORD A. SCHULMAN moves this Court, pursuant to 18 U.S.C. §3145(b), to revoke the prior Order of Detention in this matter and schedule a hearing on this issue for the following reasons:

## STATEMENT OF FACTS

Defendant was originally charged by way of a Complaint and later an Amended Criminal Complaint charging Transportation of Child Pornography in violation of 18 USC Sec. 2252A(a)(1) and Possession of Child Pornography in violation of 18 USC Sec. 2252A(a)(5)(B). (R. 9, Amended Complaint, PgID 9-19).

A detention hearing was held and the defendant, DOVID AKIVA SHENKMAN was ordered detained by the magistrate. An indictment was filed on December 4, 2024 charging in with the same counts as set forth in the Amended Complaint (R. 14, Indictment, PgID 26-29)

Defendant is currently detained in the Midland County Jail after making an initial appearance on November 25, 2024.

Dovid Akiva Shenkman ("Akiva") is a US Citizen born in Detroit, Michigan who is 39-year-old living in a verified residence on East 18th Street in Brookly, New York where he has resided for seven years. His entire immediate family is in the New York area but they have a long family history in the Detroit area and have many friends and former neighbors who still reside in the Detroit area. Indeed, as far back as the defendant's grandparents resided in the Detroit area.

While it appears pretrial did not initially recommend bond, pretrial spoke with his brother Yisroel Shenkman but it had not yet been "vetted by Pretrial Services." The information provided by Yisroel Shenkman can be verified and any other concerns pretrial has can likewise be addressed. It is not clear on what basis pretrial did not recommend bond. However, this Court can impose additional conditions including an electronic tether and the transfer of pretrial to New York as well as home confinement and other standard conditions including the prohibition of computers, etc.

There are a number of family members who are willing to serve as third-party custodians including his brother and others who can be verified and are upstanding citizens in the community who will

8

comply with all terms and conditions set by this Court and ensure that Mr. Shenkman does the same.

Akiva is self-employed with ADS Cooling and Heating in New York and has had stable employment for more than 10 years. The defendant does not have any criminal history, significant mental heath issues or substance abuse problems.

The pending case is a non-assaultive offense and does not involve any allegations that Akiva has had any physical contact with any minors or even any video or phone or text messages with minors that were inappropriate. The defendant is presumed innocent.

Defendant has no history of mental illness. A third-party custodian will agree to place a surety with the Court and also allow him to reside at their residence during the pendency of this case. Defendant is also a good candidate for tether or home confinement.

This case does not involve a charge that presumes bond should not be granted. Defendant is not a threat to the community and is not a flight risk.

This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention. Pursuant to Title 18 U.S.C. 3142(e) there are conditions or combination of conditions for release for the instant offenses. Counsel for Defendant would submit that the Government has failed to present sufficient evidence that Defendant is either a threat to the community or a flight risk, that this presumption has been overcome and that a bond should issue.

## **ARGUMENT**

18 U.S.C. § 3148(b)(1) sets forth the standard for revocation of release. The Court can revoke Defendant's bond if there is (A) probable cause to believe that Defendant has committed a federal, state, or local crime while on release; or (B) clear and convincing evidence that Defendant has violated a condition of his release and that he is unlikely to abide by any condition or combination of conditions of release.

The Bail Reform Act, 18 U.S.C. § 3142, requires that a defendant be released pending trial unless there are no conditions that will reasonably assure the appearance of the person at future court proceedings and the safety of the community. See 18 U.S.C. § 3142(e). A court may, however, order detention of the defendant if

10

the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. See 18 U.S.C. § 3142(f).

Defendant poses neither a danger to the community, nor is he a risk of flight under 18 U.S.C. § 3142(f). He has family in New York area who are willing to put up any property as surety. Consequently, there are conditions of release which will assure the court of Defendant's appearance at future court appearances and the safety of the community, as stated in 18 U.S.C. §3142(c).

THE PENDING CASE IS NOT A PRESUMPTIVE CASE, DOES NOT ALLEGE ANY ACTS OF VIOLENCE.

II. STANDARD OF REVIEW

Title 18 U.S.C. § 3145(c) provides that review of the detention order upon motion of the defendant "be determined promptly". On such an appeal, the District Court will conduct a de novo review of the bond issue. United States v. Hazime, 762 F.2d 34 (6th Cir. 1985). In Hazime, the Sixth Circuit explained:

This court does not conduct evidentiary hearings and hear witnesses, and we will not disturb the factual findings of the District Court and magistrate in pretrial hearings unless we determine those

11

findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the legal conclusions of District Court, however, remains that of de novo consideration... Id. at 37.

The district court must ultimately decide the issue of detention without deference to the magistrate judge's conclusion. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). The district court should conduct a de novo review of the findings of fact underlying the initial detention Order. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985); United States v. Maull, 773 F.2d 1479, 1481 (5th Cir. 1985); United States v. Yamini, 91 F. Supp. 2nd 1125 (S.D. Ohio 2000).

Title 18 U.S.C. §3142(e) provides that detention is appropriate only where the court finds that no condition or combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community. This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception." United States v. Bell, 673 F. Supp. 1429, 1430 (E.D. Mich. 1987), citing United States v. Salerno, 107 S.Ct. 2095 (1987).

12

Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985). The structure of the statute mandates every form of release be considered before detention may be imposed. Id. at 892. Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant. United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990).

This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

Title 18 U.S.C. 3142(e) states that, subject to rebuttal, it is presumed that there are no conditions or combination of conditions for release for the instant offenses. This is not a presumptive case, however. Nevertheless, the defense would submit that the Government has failed nevertheless to present sufficient evidence that Defendant is either a threat to the community or a flight risk and that this presumption has been overcome and that a bond should issue. 18 U.S.C. § 3142(f).

13

There are conditions of release which will assure the court of Defendant's appearance at future court appearances and the safety of the community, as stated in 18 U.S.C. §3142(c).

III. ALTERNATIVES TO INCARCERATION

1. Release on Conditions

Defendant should be granted release on conditions under 18 U.S.C. §3142(c) because there are conditions of release that will ensure that he does not pose a danger to the community and these conditions will sufficiently ensure his appearance at future court proceedings.

18 U.S.C. § 3142(c) provides for release on conditions. The section provides:

(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –

(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and (B) subject to the least restrictive further condition, or combination of conditions,

14

that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person –

(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court. (iv) abide by specified restrictions on personal association, place of abode, or travel; (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; (vii) comply with a specified curfew; (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon; (ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance; (xi) execute a bail bond with solvent sureties in such amount as is reasonably necessary to assure appearance of the person as required...
18 U.S.C. §3142(c) (emphasis added).

    Defendant is not a flight risk and is presumed to be innocent. Counsel for Defendant is recommending that Defendant be released on a tether with home confinement.

15

The electronic monitoring program enables a defendant to remain at home while allowing Pretrial Services to accurately monitor his movement. This program stems from the Bail Reform Act's mandate that "if the judicial officer determines that release described in subsection (b) of this section [release on personal recognizance] will not reasonably assure the appearance of the person as required ... such judicial officer shall order the pretrial release of the person - subject to the least restrictive further conditions or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. §3142 (emphasis added). The tether program requires a defendant to wear an electronic monitor and be available to call or accept calls from Pretrial Services for the duration of his home confinement. The program also requires a "tethered" defendant to have a local phone number, have a state residence, and not have a cordless phone or answering machine (both of which interfere with the necessary electronic hook-up).

Defendant will reside in the New York area (Brooklyn) and will comply with all terms and conditions imposed by the Court. Attached

16

are a number of letters from various members of his family and friends who know Akiva and can attest to his character.

The undersigned defense counsel pursuant to local rule 7.1 (LR 7.1) sought concurrence with the motion and the relief requested in the Motion to Revoke the Order of Detention from the lead attorney Assistant US Attorney Tara Hindelang and that there was a conference between attorneys in which the movant explained the nature of the motion or request and its legal basis and was apprised that the Government opposed the relief requested.

WHEREFORE, the Defendant, DOVID AKIVA SHENKMAN, respectfully requests that this Court hold a hearing, revoke the Order of Detention and enter an Order releasing him on a tether with home confinement, or in the alternative, to third-party custody who are prepared to act as third-party custodian.

    Respectfully submitted,

    /s/ Sanford A. Schulman
    SANFORD A. SCHULMAN
    Attorney for Defendant
       DOVID AKIVA SHENKMAN
    500 Griswold Street, Suite 2340
    Detroit, Michigan 48226
    (313) 963-4740
    saschulman@comcast.net

Date: December 11, 2024