UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 24-cr-20668
        Hon. MATTHEW F. LEITMAN

DOVID AKIVA SHENKMAN,

        Defendant.

_____/

TARA HINDELANG
DOJ-USAO
211 W. Fort Street, Ste 2001
Detroit, MI 48226
313-410-5177
Email: tara.hindelang@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant:
    DOVID AKIVA SHENKMAN
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

_____/

## DEFENDANT, DOVID AKIVA SHENKMAN's
## RENEWED MOTION TO SET ASIDE ORDER OF DETENTION
## AND REQUEST FOR HEARING

NOW COMES the Defendant, DOVID AKIVA SHENKMAN ("Defendant"), by and through his attorney, SANFORD A. SCHULMAN and herby renews his moves this Honorable Court, pursuant to 18 U.S.C. §3145(b), to revoke the Order of Detention, and schedule a hearing for the following reasons:

1. Defendant was originally charged by way of a Complaint and later an Amended Criminal Complaint charging Transportation of Child Pornography in violation of 18 USC Sec. 2252A(a)(1) and Possession of Child Pornography in violation of 18 USC Sec. 2252A(a)(5)(B). (R. 9, Amended Complaint, PgID 9-19).

2. A detention hearing was held and the defendant, DOVID AKIVA SHENKMAN was ordered detained by the magistrate. An indictment was filed on December 4, 2024 charging in with the same counts as set forth in the Amended Complaint (R. 14, Indictment, PgID 26-29)

3. This Court held a de novo hearing on the defendant's motion to revoke the order of detention. However, at the time of the hearing, the defense only requested that the defendant be permitted to return to his apartment in Brooklyn, New York and to return to work with any other terms and conditions.

4. This Court denied the motion to revoke the order of detention after a hearing. (R. 27, Order Denying R. 19 Motion for Revocation of Detention Order as to Dovid Akiva Shenkman, PgID 99-100)

5. This Court did note that the denial of the motion to revoke the order of detention was based, at least in part, on the fact that the proposed plan was for Mr. Shenkman to reside at his apartment.

6. Defendant is currently detained in the Milan Detention Center after making an initial appearance on November 25, 2024.

7. The defense proposes that this Court consider a bond with conditions including house arrest that would require the defendant, Akiva Shenkman, to reside with his father, ARNOLD SHENKMAN. Mr. Shenkman was present for his son's hearing on January 16, 2025 hearing.

8. The defense requests that bond be granted and that Akiva be permitted to move into his father's house in Lakewood, NJ, a 55 plus community called Fairways at Lake Ridge, an adult community. Attached is information and a map of the location of the residence, map showing no playgrounds in the vicinity and a

plan to restrict internet access. In addition, the defense submits a proposed daily schedule and routine (and an alternate schedule option—that can be approved and modified by pretrial services. In addition, the defense submits that Mr. Shenkman has employment with HVAC Depot located in a warehouse in an industrial neighborhood in Lakewood, NJ.

9. The granting of bond will provide the defendant with the opportunity to 1) seek and participate in any approved treatment; 2) maintain employment to pay to resolve outstanding debts associated with moving out of his apartment and legal fees; 3) to have the opportunity to surrender to a designated Bureau of Prisons (BOP) which will reduce his security level; 4) demonstrate to the court that he can and will follow the conditions of the court; 5) assist his attorney in preparing for an anticipated plea and sentencing and 6) reduce the time served in a federal detention center where he has limited access to Kosher food, religious classes and the ability to participate in religious daily prayers.

10. The defendant's father, ARNOLD SHENKMAN, has indicated a willingness to serve as a third-party custodian, to use his residence as collateral if required and to report any bond violations to pretrial services. Mr. Shenkman is extremely reliable and trustworthy. He is a man of deep faith and has a reputation in the community for his honesty, modesty and integrity.

11. If need be, there are also a number of family members who are willing to serve as third-party custodians, including his brother and others who can be verified and are upstanding citizens in the community who will comply with all terms and conditions set by this Court and ensure that Mr. Shenkman does the same.

12. This Court has the authority, pursuant to 18 U.S.C. § 3145(b), to review the previous order of detention.

## ARGUMENT

Pursuant to Title 18 U.S.C. 3142(e) there are conditions or combination of conditions for release for the instant offense. Defense would also submit that the Government has failed to present sufficient evidence that Defendant is a substantial threat to the community, a flight risk and that counsel for Defendant has presented evidence justifying this Court setting a reasonable bond with conditions under 18 U.S.C. § 3142(f). There are conditions of release which will assure the Court of Defendant's appearance at future court appearances as stated in 18 U.S.C. §3142(c).

The defense has submitted and attaches a detailed plan to relocate the defendant to his father's house, place him on house arrest, restrict his travel to the approve of pretrial services and bar him from the use of the internet while on bond. He may also be ordered to participate in any counseling or treatment.

The defense would ask that this Court order pretrial services to prepare an updated report and recommendation and vet the information to ensure it is verifiable and accurate.

Concurrence was sought and Assistant U.S. Attorney Tara Hindelang does not concur in the relief requested.

WHEREFORE, the Defendant, DOVID AKIVA SHENKMAN, respectfully requests that this Court grant this Renewed Motion to Revoke the Order of Detention and enter an Order releasing him on home confinement as set forth in the attached plan, to third-party custody, Arnold Shenkman, as a third-party custodian and any other terms and conditions set forth by this Court.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for Defendant
DOVID AKIVA SHENKMAN
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

Date: February 11, 2025