UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Criminal No. 24-20668

v.

                              Hon. Matthew F. Leitman

Dovid Akiva Shenkman,

        Defendant.

_____/

## **GOVERNMENT'S SENTENCING MEMORANDUM**

Akiva Shenkman has a sexual interest in children, evidenced by an addiction to viewing and talking about the sexual exploitation of children, a fact which makes him a continuing danger to the community. Shenkman brought child pornography into the United States when coming back into the country after visiting Canada. A Special Agent with HSI and a CBP officer saw videos on Shenkman's phone involving the rape of prepubescent children. Not occurring in a vacuum, Shenkman had been identified in a New York investigation into the historical trafficking of child pornography and a watch had been placed on his name. A forensic extraction of Shenkman's phone led to the discovery of hundreds of images of child pornography along with

1

horrific chats about the sexual exploitation of children.

For the reasons set forth in this memorandum, the government recommends that the Court sentence Shenkman to 180 months' imprisonment, as such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)." *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008).

I.   **FACTS AND PROCEDURAL HISTORY**

   A.   **Offense Conduct**

On November 24, 2024, Shenkman entered the United States after attending a gathering in Canada. His name had been flagged by HSI New York due to an investigation related to the distribution and receipt of child sexually abusive material. A Customs and Border Protection Officer (CBPO) at the Ambassador Bridge Port of Entry directed Shenkman to the secondary inspection area. There, border agents, and an HSI special agent, did a border search of Shenkman's phones. Shenkman said he could not remember the password for his cell phone but unlocked the phone with his thumb print. The phones were placed in airplane mode, meaning they were no longer connected to the

internet and only files that were on the phone could be viewed.

### *Shenkman Transported Child Pornography into the United States*

Agents located and viewed the Telegram application on Shenkman's phone. Inside Telegram, agents saw a conversation that contained exchanges of multiple videos of child pornography, many including the vaginal penetration of prepubescent children. One video showed a prepubescent child licking an adult male's penis as it ejaculated. Another video showed the same child being vaginally assaulted by an adult man. Shenkman and the other Telegram user traded these videos, both sending and receiving them.

The HSI Special Agent located another conversation in Telegram on Shenkman's cellphone where there appeared to be dozens of instances exchange of video files, but the video files themselves were not available. However, at one point, Shenkman shared a video and then stated: "These two, I convinced her to do and now she is hooked, I just need to get her to make more videos." Shenkman had the Telegram application on both phones, and agents found the videos on both phones.

### *CyberTips Linked to Shenkman*

Agents seized Shenkman's phones and obtained a search warrant.

3

Although originally unable to be forensically extracted, a Special Agent was able to recover an SD card from one of Shenkman's phones, which contained an Excel spreadsheet with Shenkman's usernames and passwords that were consistent with CyberTips received by the National Center for Missing and Exploited Children (NCMEC). The agent received two CyberTips from NCMEC in response to his request. One was from Kik from May 2021, with the tip providing that 10 files-9 videos and 1 image-of suspected child sexually abusive material were uploaded in April 2021. All the files meet the federal definition of child pornography. One of these videos showed the vaginal penetration of an infant/toddler. The other CyberTip came from Snapchat in July 2021, involving the upload of 3 suspected files of child pornography.

### *Forensic Extraction of One of Shenkman's Phones Shows Chat and Hundreds of Images of CSAM*

Eventually, agents were successful in performing a partial forensic extraction of one of Shenkman's phones. The extraction revealed hundreds of images and videos of child pornography, and suspected child pornography, as well as graphic chats between Shenkman and others about the rape and exploitation of children. Many of the 312 images found appeared to be thumbnail images of videos of

child pornography. The images included sadomasochistic abuse, bondage, and the sexual penetration of a toddler.

Similarly, the 521 videos of child pornography contained depictions of the rape of infants and toddlers, a prepubescent child being forced to wear something resembling a collar with a leash extending from it, and a 19 second video of an adult male rubbing his penis against the mouth of an infant wrapped in a hospital blanket, with an apparent hospital wristband on their wrist.

The chats that Shenkman engaged in with users on another social media application were graphic, and in many, Shenkman claimed to have committed hands-on sexual abuse of children. Examples of these chats are below.





...



...

7



### B. Charging and Plea

On November 25, 2024, a criminal complaint was filed charging Shenkman with offenses involving the distribution, receipt, and possession of child pornography. Shenkman made his initial appearance that same day and was ordered temporarily detained. On November 27, 2024, an amended complaint was filed charging Shenkman with transporting and possessing child pornography. Following a detention hearing on November 27, 2024, the Magistrate Judge ordered Shenkman detained pending trial. PSR ¶¶ 1-4.

On December 4, 2024, an indictment was filed charging

Shenkman with one count of Transportation of Child Pornography (Count One), in violation of 18 U.S.C. § 2252A(a)(1), and one count of Possession of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252A(a)(5)(B). PSR ¶ 5. On April 9, 2025, Shenkman pleaded guilty to both counts charged in the Indictment without a Rule 11 agreement.

### C.  Guideline Range

The Probation Department calculated a guideline range of 151 to 188 months, based on an offense level total of 34 and a criminal history category of I. PSR ¶ 77. Neither party objected to that calculation.

## II.  SECTION 3553(A) FACTORS

An application of the 18 U.S.C. § 3553(a) factors to Shenkman's case leads to the conclusion that a sentence of 180 months' imprisonment, followed by a ten-year term of supervised release, is the appropriate sentence in this case. Congress provided the objectives and factors that courts are to consider when imposing a sentence in 18 U.S.C. § 3553(a).  The government addresses the most relevant factors below.

### A.  The Nature and Circumstances of the Offense

As Judge Patti found after presiding over Shenkman's initial

9

detention hearing, Shenkman has a "relentless and longstanding sexual interest in children, including child pornography (CP), [and that involves] rape, torture and infants, and in other sexually deviant practices (including bestiality)." ECF No. 13, PageID.25. Shenkman tried to bring two devices containing child sexually abusive material back into the United States after visiting friends in Canada.

During his conversations with others about child pornography in an encrypted social media application, he asked for "even more messed up stuff" than a child performing fellatio on an ejaculating male penis and the vaginal rape of child. Shenkman's appreciation and desire for brutal things to be done to children in the name of his sexual pleasure is echoed in the chats found on one of his phones. Shenkman's interest in trafficking in child pornography has persisted since at least 2021, but likely longer according to the original HSI NY investigation. But the most troublesome part about the circumstances of Shenkman's offense is that it shows his deep-seated sexual interest in children, which includes the "brutal and forced" rape of infants and toddlers. A sentence of 180 months would acknowledge the grave nature of Shenkman's offense in this case.

### B. The History and Characteristics of Shenkman

Shenkman's personal history and characteristics weigh in favor of a 180-month sentence. Although Shenkman has family and community support, piously practices his faith, and has a positive history of employment, his characteristics weigh in favor of a sentence near the top of his guidelines.

Shenkman's defining characteristic is a sexual interest in children. This characteristic pervades Shenkman's life and should not be discounted, including because in the chats found on his phone, Shenkman describes having committed hands-on offenses against children.

In support of his request for a sentence below the guideline range, Shenkman submits an evaluation from Dr. Gerald Shiener and a mitigation report from Gavriel Fagin, Ph.D., the director of a for-profit counseling center. The Court should view these reports with a skeptical eye. The criteria for diagnosing pedophilia are:

> A. Over a period of at least 6 months, recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children (generally age 13 years or younger).
> B. The individual has acted on these sexual urges, or the sexual urges or fantasies cause marked distress or

11

>interpersonal difficulty.
>C. The individual is at least age 16 years and at least 5 years older than the child or children in Criterion A.

*Diagnostic & Statistical Manual of Mental Disorders*, 5th Ed. Amer. Psych. Assn. (2013). Dr. Shiener claims that Shenkman does not meet the criteria for pedophilia and is not a danger to the community if provided an opportunity for intense therapy, relying largely on Shenkman's version of events. But objectively viewing Shenkman's actions over the course of the last few years may tell a different story. Shenkman himself, who Drs. Shiener and Fagan both describe as depressed and withdrawn, described that he has "always [been] into" graphic, sexually exploitive material involving prepubescent children, "as long as [he] can remember."

### C. Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment for the Offense

Shenkman has committed one of the most serious offenses recognized under federal law. Child pornography offenses result in perpetual harm to a child and validate and normalize the sexual exploitation of children, making them the most serious and dangerous type of offenses. Courts across the country have recognized this:

>There can be no keener revelation of a society's

12

> soul than the way in which it treats its children. Given the current statistics, surrounding child pornography, we are living in a country that is losing its soul. Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. However, once it enters the legal system, child pornography undergoes sterilization. The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions on display are those of the defendants, sorry that their actions were discovered by law enforcement.

*United States v. Cunningham,* 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir. 2012). Shenkman is the reason there is a market for child pornography. The worst moments of a child's life are captured on film, searing those haunting minutes into the memory of publicly traded images, for the sexual pleasure of Shenkman and people like him.

Also, it should be noted that although Shenkman's crimes, transporting and possessing child pornography do not acknowledge a hands-on offense, these crimes are still serious because of the harm created and perpetuated. By their very nature, crimes involving the trafficking of child pornography result in enduring mental, physical,

13

and emotional trauma. Child victims are repeatedly exploited by a variety of different offenders in perpetuity. As Congress found, "child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub.L. No. 104-208, § 121, 110 Stat. 3009, 3009-27 (codified at 18 U.S.C. § 2551). A 180-month sentence would justly punish Shenkman's conduct, promote respect for the law, and serve to undermine attempts to validate and normalize the sexual exploitation of children.

//

## III. CONCLUSION

For the reasons described above, the Government respectfully recommends that the Court sentence Shenkman to 180 months imprisonment, to be followed by ten years of supervised release.

                              Respectfully submitted,

                              JEROME F. GORGON JR.
                              United States Attorney

                              *s/Tara Hindelang*
                              Tara Hindelang
                              Assistant United States Attorney
                              211 W. Fort St., Suite 2001
                              Detroit, MI  48226
                              (313) 226-9543
                              tara.hindelang@usdoj.gov

Dated: September 11, 2025

## CERTIFICATE OF SERVICE

I certify that on September 11, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Tara Hindelang*
Tara Hindelang
Assistant United States Attorney
