UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        DOCKET NO.: 0645 2:24CR20668-001
                                      HON. MATTHEW F. LEITMAN

vs

DOVID AKIVA SHENKMAN,

      Defendant.

_____/

### ADDENDUM TO DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, DOVID AKIVA SHENKMAN, by and through his counsel, JAFFE DEFENSE TEAM, P.C., by Jack L. Jaffe submits this Addendum to Defendant's Sentencing Memorandum as follows:

I.     **SCORING OF GUIDELINE 2(G)2.2(b)(6)**

The Defendant submits this newly discovered information which was not previously available for his sentencing memorandum. §2G2.2(b)(6) states that "If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels." In this matter the Probation Department scored an increase of 2 levels under §2G2.2(b)(6) but the Defendant asks that the Court consider the opinion of the Honorable United States District Court Judge Janet T. Neff from the Western District of Michigan in *United States v. Gerald Alan Benedict*; 1:12-cr-145 where she modified the scoring of a similar defendant to not score §2G2.2(b)(6). Judge Neff stated:

> In any event, there are no objections to the scoring, and my scoring is slightly different because as a matter of policy, I do not score the

**JAFFE DEFENSE TEAM, P.C.**
411 West 13 Mile Rd.
Suite 150
Madison Heights, MI 48071

(248) 588-2297
Fax (248) 588-6075

1

two offense levels for use of a computer because as I have said many times in the past in child pornography cases, because a computer -- in 13 plus years I have never seen a child pornography case that did not involve the use of a computer, and it really seems to me to be improper to include something that is part of every one of these cases.

**See attached Ex. E**

Although this is not binding, Mr. Shenkman requests the Court take this reasoning persuasively and also remove the scoring for §2G2.2(b)(6). Doing so would result in Mr. Shenkman's guidelines range to be reduced to **121-151 months**.

## II.     CONCLUSION

For the above reasons and all facts and circumstances outlined in Defendants Original Sentencing Memorandu,, the Defendant respectfully requests that the Court impose a sentence which considers bother guidelines range of 121-151 months and the factors set forth in 18 U.S.C. § 3553(a). And find that a sentence of the minimum **5 years** is an appropriate downward variance given the specific defendant circumstances.

Respectfully submitted,
JAFFE DEFENSE TEAM, P.C.

By:_____
Jack L. Jaffe (P27576)
Attorneys for Defendant
411 W. 13 Mile, Suite 150
Madison Heights, MI 48071
(248) 588-2297

Dated: September 12, 2025

JAFFE DEFENSE TEAM,
P.C.
411 West 13 Mile Rd.
Suite 150
Madison Heights, MI 48071

(248) 588-2297
Fax (248) 588-6075