UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,              Criminal No. 24-20668

v.

                                  Hon. Matthew F. Leitman

Dovid Akiva Shenkman,

        Defendant.

---

**GOVERNMENT'S MOTION AND BRIEF TO ADJOURN AND EXTEND TIME FOR DETERMINATION OF RESTITUTION AMOUNTS**

The government moves the Court to adjourn and extend the time for the determination of restitution amounts in this matter, for a period of approximately 60 days, to enable the Court and government counsel to determine Shenkman's representation status for the determination of restitution, and so that the parties then may confer and potentially agree on restitution amounts for the victims in this case. The government also requests that the Court set a status hearing to determine Shenkman's representation. Government counsel was unable to seek concurrence in this motion because neither trial counsel nor counsel for Shenkman on

appeal claim to represent Shenkman for the purposes of determining the mandatory restitution in this matter.

## BRIEF

On April 9, 2025, Shenkman pleaded guilty to one count of Transportation of Child Pornography (Count One), in violation of 18 U.S.C. § 2252A(a)(1), and one count of Possession of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252A(a)(5)(B), without a Rule 11 agreement.

On September 17, 2025, the Court held a sentencing hearing for Shenkman. At the sentencing hearing, the Court sentenced Shenkman to a total sentence of 95 months' imprisonment and 10 years of supervised release. (ECF No. 43, PageID.466-67). The Court deferred the determination of restitution until December 16, 2025, pursuant to 18 U.S.C. § 3664(d)(5), to allow additional time to receive restitution requests and determine the total amount owed.

Counsel for the government received multiple requests for restitution from victims who were depicted in the child sexually abusive material possessed by Shenkman. Government counsel contacted both trial counsel and appellate counsel for Shenkman, both of whom advised

2

counsel for the government that they were not representing Shenkman for this purpose. Thus, a determination needs to be made regarding Shenkman's representation status, and then additional time to confer regarding the requested restitution. Shenkman will not suffer prejudice from the proposed adjournment, as the Court has already determined that restitution will be assessed in the judgment, leaving open only the determination of the amount owed to the victims.

Restitution is mandatory in this case, and the Court must enter an order regarding restitution in accordance with 18 U.S.C. § 3664. *See* 18 U.S.C. §§ 2259(a) and (b)(3). A sentencing court may order restitution after the 90-day deadline if it "ma[kes] clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010). Under 18 U.S.C. § 3664(d)(5), "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of

3

those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief". *Id*. However, pursuant to the precedent in *Dolan v. United States*, 560 U.S. 605 (2010), "….a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution—at least where…the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount". *Id*., at 608.

Here, as indicated in the judgment, the Court made clear that restitution would be ordered and an amended judgment entered after such a determination was made. (ECF No. 43, PageID.466-67). Now, there is good cause to adjourn the restitution determination to determine Shenkman's representation status, to allow additional time to confer and potentially agree on restitution amounts, or in the alternative to allow for the defendant to be present at a hearing on restitution matters given the question of his representation for this proceeding.

4

Accordingly, the government respectfully requests that the Court order that the time to determine restitution amounts be adjourned and extended for approximately 60 days from the date of filing of this motion. The government further requests that any order granting this motion include a determination that the Court will order restitution in this case, leaving open for more than 90 days only the amount of restitution to be ordered. The government also requests that the Court set a status conference to determine Shenkman's representation status with respect to the determination of restitution.

                Respectfully submitted,

                JEROME F. GORGON JR.
                United States Attorney

                <u>s/Tara Hindelang</u>
                Assistant United States Attorney
                211 W. Fort St., Suite 2001
                Detroit, Michigan 48226
                Tara.Hindelang@usdoj.gov
                Phone: (313) 226-9543

Dated: December 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Tara Hindelang
Assistant United States Attorney
211 W. Fort St.
Detroit, Michigan 48226
Phone: (313) 229-543
Tara.Hindelang@usdoj.gov
